# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                    )
    v.                       )    ID No. 1401014417
                                      )
FRANK DAVENPORT,      )
                                    )
    Defendant.         )

Submitted: April 25, 2018
Decided: July 24, 2018

***Upon Defendant's Motion for Postconviction Relief***
**DENIED**

## MEMORANDUM OPINION

Frank Davenport, self-represented litigant

**Rocanelli, J.**

Defendant Frank Davenport ("Defendant") moves for postconviction relief. Defendant generally argues that he is entitled to postconviction relief because of errors that occurred in and throughout his sentencing hearing. By letter dated April 25, 2018, the Court denied Defendant's request for appointment of counsel pursuant to Superior Court Rule of Criminal Procedure 61(e)(3).[1] For the reasons that follow, Defendant's motion for postconviction relief is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2010, Holly Wilson was shot and killed in her home. Defendant was present at Wilson's home when the shooting took place, and initially reported it to the police as a suicide.[2]

On January 21, 2014, Defendant was indicted for Murder in the First Degree and Possession of a Firearm During the Commission of a Felony in connection with the death of Wilson. Defendant was also charged with Aggravated Menacing and Possession of a Firearm During the Commission of a Felony in connection with events that took place in October 2009, that also involved Wilson. Defendant was represented by Ross Flockerzie, Gerald Spadacinni, and Brett Hession (collectively, "Trial Counsel").

---

[1] Super. Ct. Crim. R. 61(e)(3) (providing that it is within the Court's discretion to appoint counsel for a defendant's first postconviction motion that seeks to set aside a judgment of conviction that resulted from a plea of guilty or *nolo contendere*).
[2] *See Davenport v. State*, 150 A.3d 274, 2016 WL 6156170, at *1 (Del. 2016).

1

On May 27, 2015, Defendant pled *nolo contendere* to Manslaughter and one count of Possession of a Firearm During the Commission of a Felony. Defendant was sentenced on November 20, 2015, as follows: for Manslaughter, 25 years at Level 5, suspended after 15 years for 10 years at Level 4 DOC discretion, suspended after six months for two years at Level 3 GPS; and for Possession of a Firearm During the Commission of a Felony, five years at Level 5, no probation to follow. Defendant was also ordered to pay $7,339.89 to the Victim's Compensation Assistance Program ("VCAP").

Defendant filed a timely appeal to the Delaware Supreme Court. Defendant's arguments on appeal were:

> i) that the State impermissibly breached its plea deal with him by asking the Superior Court to sentence Davenport to no less than the sentence cap to which Davenport and the State agreed; ii) that the Superior Court used inaccurate information to sentence Davenport in violation of his due process rights; and iii) that the Superior Court impermissibly ordered Davenport to pay restitution to [VCAP].[3]

The Delaware Supreme Court affirmed the judgment of the Superior Court on October 21, 2016.[4] Defendant then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on April 3, 2017.[5]

---

[3] *Id.*

[4] *Id.* at *4.

[5] *Davenport v. Delaware*, 137 S. Ct. 1447 (2017).

2

On March 29, 2018, Defendant filed a motion for postconviction relief ("PCR Motion") as a self-represented litigant. Defendant generally raises three grounds for relief in his PCR Motion. First, Defendant argues that the State acted improperly with respect to Defendant's sentencing by not sending a copy of the State's sentencing packet to Trial Counsel until the night before sentencing and using "inflammatory" materials and language during the sentencing hearing. Second, Defendant argues that this Court sentenced Defendant based on "inaccurate and unverified data," because the State referred to Defendant as homeless, because the Court considered improper aggravating factors under the SENTAC guidelines, and because the Court failed to consider forensic evidence in Defendant's favor. Third, Defendant argues that Trial Counsel were ineffective by failing to object to the State's sentencing packet and by making decisions without consulting Defendant.

## PROCEDURAL BARS TO POSTCONVICTION RELIEF

Before addressing the merits of a motion for postconviction relief, this Court must consider the procedural requirements of Rule 61(i).[6] To be considered on the merits, a defendant's motion for postconviction relief must be his or her first postconviction motion,[7] and it must be timely.[8] Defendant's PCR Motion is his first motion for postconviction relief, and it is timely because it was filed within one year

---

[6] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).
[7] Super. Ct. Crim. R. 61(i)(2).
[8] Super. Ct. Crim. R. 61(i)(1).

April 3, 2017, the date on which his judgment of conviction became final. However, Defendant is also barred from raising grounds for relief that either should have been properly asserted in the proceedings below,[9] or which were previously adjudicated in the proceedings below.[10] Defendant raises several claims that are procedurally barred.

## I.      Procedural Default Bar

Rule 61(i)(3) states, "Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights."[11] The procedural default bar "applies to claims not asserted during trial as well as claims not raised on direct appeal."[12] Defendant raises several claims that are subject to the procedural default bar.

First, Defendant's argument that the State acted improperly with respect to Defendant's sentencing by delaying to send the sentencing packet to Trial Counsel until the night before sentencing and by using "inflammatory" materials and language is procedurally barred. Any objection Defendant had to the timing of the

---

[9] Super. Ct. Crim. R. 61(i)(3).
[10] Super. Ct. Crim. R. 61(i)(4).
[11] Super. Ct. Crim. R. 61(i)(3).
[12] *State v. Loper*, 2016 WL 3621547 (Del. Super. June 27, 2016).

State's sentencing packet should have been made at the sentencing hearing. Similarly, if Defendant wished to object to the State's alleged use of "inflammatory" language or pictures, Defendant should have made specific objections at the time. Defendant may not raise these objections for the first time on a motion for postconviction relief.[13] Therefore, Defendant's argument regarding the State's alleged improper behavior at sentencing is procedurally barred.

Second, Defendant's argument that the Court sentenced Defendant based on "inaccurate and unverified data," because the State referred to Defendant as homeless and because the Court failed to consider forensic evidence in Defendant's favor is procedurally barred. Defendant had the opportunity to object to the State's "homeless" comment at the time it was made. In addition, Trial Counsel did, in fact, challenge the State's forensic evidence at the sentencing hearing while also highlighting the forensic evidence in Defendant's favor. Defendant cannot now challenge the role that forensic evidence played in the Court's sentence on a motion for postconviction relief. Therefore, these claims are procedurally barred.

Defendant could be excepted from the procedural default bar if he could show "cause for relief" and prejudice.[14] However, Defendant has not made such a

---

[13] Moreover, as will be discussed later, Trial Counsel made a strategic decision to counter the substance of the State's sentencing presentation, rather than object to it outright. The Court will defer to reasonable strategic decisions of Trial Counsel.
[14] Super. Ct. Crim. R. 61(i)(3)(A)-(B).

showing. Therefore, Defendant cannot avail himself of the exception to the procedural default bar, and is barred from arguing that the State acted improperly with respect to Defendant's sentencing or that the Court sentenced Defendant based on "inaccurate and unverified" data.

## II.    Former Adjudication Bar

Rule 61(i)(4) states, "Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceedings, or in a federal habeas corpus proceeding, is thereafter barred."[15] In his PCR Motion, Defendant argues that the Court considered improper SENTAC factors when sentencing Defendant. However, Defendant made the same argument on direct appeal, which the Delaware Supreme Court rejected.[16] Therefore, Defendant's argument that the Court used improper SENTAC factors is barred under Rule 61(i)(4).

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

After consideration of the procedural bars, Defendant's only remaining claims relate to alleged ineffectiveness of Trial Counsel. Defendant argues that Trial Counsel were ineffective by failing to object to the State's sentencing packet, and by failing to consult with Defendant about certain decisions.

---

[15] Super. Ct. Crim. R. 61(i)(4).
[16] *Davenport*, 2016 WL 6156170, at *2-*3.

6

Ineffective assistance of counsel claims are governed by the two-prong test established in *Strickland v. Washington*.[17] In order to satisfy *Strickland*, the movant must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness,[18] and (2) that counsel's errors prejudiced the defendant.[19] In considering the first prong, there is a strong presumption that counsel's actions were professionally reasonable.[20] In considering the second prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[21] Failure to prove either prong renders the claim insufficient.[22]

Defendant's first argument is that Trial Counsel were ineffective by failing to object to the State's sentencing packet. However, Trial Counsel made a strategic decision to challenge the substance contained in the State's sentencing packet. At the sentencing hearing, Trial Counsel stated:

> Our plan was to talk about Mr. Davenport and an appropriate sentence for him and that will still be happening. However, yesterday morning I received a submission from the State, a case summary. In it, the State delves into forensics in this case. When we reviewed the summary the

---

[17] 466 U.S. 668 (1984).
[18] *Id.* at 688.
[19] *Id.* at 694.
[20] *Id.* at 688.
[21] *Id.* at 694.
[22] *Id.* at 700.

State provided, as well as the exhibits, we could not allow the errors and inaccuracies in the State's summary to go uncorrected.[23]

Trial Counsel's strategy of challenging the substance of the State's sentencing packet, as opposed to objecting to the packet as a whole, was well within the range of reasonableness. Moreover, Defendant cannot establish that he was prejudiced by the sentencing packet when Trial Counsel had the opportunity to respond, and did respond, to the information contained therein.[24] Therefore, Defendant cannot establish that Trial Counsel were ineffective by failing to object to the State's sentencing packet.

---

[23] *State v. Davenport*, ID No. 1401014417, at 15 (Del. Super. Nov. 20, 2015) (TRANSCRIPT).

[24] In this sense, the present case is distinguishable from *Harden v. State*, 180 A.3d 1037 (Del. 2018). In *Harden*, the defendant's public defender changed jobs prior to the defendant's sentencing. The defendant's new attorney did not seek a continuance to prepare for sentencing, and only had a fleeting discussion with the defendant on the day of the sentencing hearing. The defendant's new attorney did not prepare the defendant for allocution or discuss any mitigating evidence with him. The Delaware Supreme Court held that the new attorney performed unreasonably under *Strickland*, and that the defendant was prejudiced as a result. Accordingly, the Delaware Supreme Court remanded to the Superior Court for a resentencing before a different judge. By contrast, Trial Counsel here remained the same throughout Defendant's case, including at his sentencing hearing. Moreover, Trial Counsel were well-prepared for Defendant's sentencing hearing, and presented mitigation evidence on Defendant's behalf, as well as forensic evidence contrary to the State's presentation. Therefore, unlike in *Harden*, Defendant cannot establish that Trial Counsel's performance fell below an objective standard of reasonableness, or that Defendant was prejudiced by Trial Counsel's actions at the sentencing hearing.

8

Defendant's second argument is that Trial Counsel were ineffective by failing to consult with Defendant on key decisions. Specifically, Defendant argues that Trial Counsel should have consulted with Defendant regarding the decision not to object to the State's sentencing packet and Trial Counsel's decision to appeal Defendant's sentence based on an alleged violation of SENTAC.

There are certain decisions that a Defendant has the ultimate authority to make.[25] These decisions include "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."[26] However, "the attorney's duty to consult with the defendant regarding 'important decisions'—including questions of overarching defense strategy—does not require counsel to obtain the defendant's consent to 'every tactical decision.'"[27] Accordingly, Trial Counsel were not obligated to get Defendant's consent on the decision not to object to the State's sentencing packet or the decision to specifically appeal an alleged violation of SENTAC. Therefore, even assuming that Trial Counsel did not consult with Defendant, the failure to do so was not objectively unreasonable. Accordingly, Defendant cannot establish that Trial Counsel were ineffective.

---

[25] *See Taylor v. State*, 28 A.3d 399, 405-06 (Del. 2011).
[26] *Id.* at 406 (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).
[27] *Id.* (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)).

9

## CONCLUSION

Defendant is not entitled to postconviction relief. After application of the procedural bars to relief, Defendant's only remaining claims relate to alleged ineffective assistance of Trial Counsel. Defendant cannot establish that Trial Counsel were ineffective under *Strickland*. Therefore, Defendant's PCR Motion must be denied.

**NOW, THEREFORE, this 24th day of July, 2018, Defendant's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Andrea L. Rocanelli